IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Continuum Footspas, LLC
a Wisconsin limited liability company,

      Plaintiff,

v.

Lexor, Inc.
a Maryland Corporation,

      Defendant.

JURY TRIAL DEMANDED

Case No.

## DECLARATION OF JOSEPH J. GALATI

1.     My name is Joseph J. Galati. I am the co-owner, President, and CEO of Continuum Footspas, LLC ("Continuum").

2.     On or about July 23, 2012 I observed Lexor, Inc. ("Lexor") demonstrating the pedicure spa chair shown in the photographs attached hereto as Exhibit A ("Accused Product") at the Cosmoprof trade show in Las Vegas, Nevada, July 22-24, 2012.

3.     Continuum employee Trinh Tieu spoke to a representative from Lexor who stated that the Accused Product was not currently for sale. The Lexor representative stated that the Accused Product would be available the next year and that no price had been established.

4.     On my instruction the law firm of Ryan Kromholz & Manion, S.C. sent a cease and desist letter to Lexor on August 9, 2013 demanding that Lexor provide written assurances that it had not sold the Accused Product and provide assurances that it will cease further manufacture, distribution, and sales of the Accused Product. A copy of this letter is attached hereto as Exhibit B. The August 9, 2012 letter requested a response by August 17, 2012.

**EXHIBIT 4**

5.    Continuum did not receive a response to the cease and desist by August 17, 2012. As such, I believed that Lexor had taken the cease and desist letter seriously and would not be selling or offering for sale the Accused Product.

6.    However, on or about November 26, 2012 I became aware of a video advertisement for the Accused Product. The video was posted online at http://lexor.com/Prive/default.aspx?lL=4 and indicated that Lexor was to release the Accused Product in 2013.

7.    On my instruction the law firm of Ryan Kromholz & Manion, S.C. sent another cease and desist letter to Lexor on December 7, 2012 again asking for assurances that Lexor had not sold any of the Accused Product and that Lexor would cease further manufacture, distribution, and sales of the Accused Product. A copy of this letter is attached hereto as Exhibit C.

8.    In January 2013 Ryan Kromholz & Manion, S.C. forwarded to Continuum a letter from Lexor's counsel dated January 15, 2013. A copy of this letter is attached hereto as Exhibit D. This letter was a response to the December 7, 2012 cease and desist letter in which Lexor indicated that Lexor believed the '135 Patent to be unenforceable and not infringed by the Accused Product.

9.    Despite the response from Lexor's counsel, Continuum did not observe Lexor demonstrating the Accused Product at trade shows through the spring of 2013. Specifically, even though Lexor had a booth at the America's Beauty Show trade show in Chicago, Illinois March 9-11, 2013, Lexor did not demonstrate the Accused Product at that show.

Pursuant to 28 U.S.C. §1746, the undersigned declares under the penalty of perjury that the foregoing is true and correct.

Executed this ⧸⧸ day of July 2013.

_____
Joseph Galati

Jane E Appa
Milwaukee County
Expires: 02/19/2017
Dated: 07/11/13

3



**EXHIBIT A**



# RYAN KROMHOLZ & MANION, S.C.

## ATTORNEYS AT LAW

Joseph A. Kromholz
John M. Manion
Daniel R. Johnson

Laura A. Dable
Patrick J. Fleis
Melissa S. Hockersmith
Garet K. Galster
Meghan M. Coffey

Daniel D. Ryan, Of Counsel

Telephone: (262) 783-1300
Facsimile: (262) 783-1211
Toll Free: (800) 686-9333

Est. 1873

Mailing Address:
P.O. Box 26618
Milwaukee, WI 53226-0618

Building Address:
3360 Gateway Road
Brookfield, WI 53045

9 August 2012

Christopher Long
Lexor, Inc.
3035 Washington Blvd
Baltimore, MD 21230

**VIA FEDERAL EXPRESS**

Re:    Patent Infringement of U.S. Patent No. D569,135
       Foot Spa Base
       Attorney Docket No.: 9739.21857

Dear Mr. Long:

We represent Continuum Footspas, LLC ("Continuum Footspas") which is the owner of U.S. Patent No. D569,135 directed to a foot spa base, a copy of which is enclosed herewith as Exhibit 1.

It has come to our attention that your company has been demonstrating a pedicure chair with a curved base at one or more trade shows. Photographs of the pedicure chair at issue are enclosed herewith as Exhibit 2. We believe that this product infringes U.S. Patent No. D569,135. As a result of our study of the product and of our client's patent, we request that Lexor, Inc. ("Lexor") immediately take steps to cease and desist all further infringing activity.

Your company's infringement of these patents is a serious violation. If your company is found to infringe my client's patent, it could be liable to pay Lexor's profits to my client. Further, Lexor could be liable for "willful infringement" of these patents, which may entitle my client to an award of up to three time the actual damages and attorney's fees.

We note that a representative of Continuum Footspas spoke with Mr. Hanson Truong of your company. Mr. Truong informed Continuum Footspas that Lexor had not sold any of the pedicure chairs as shown in Exhibit 2. We ask that you provide us with written assurances that Lexor has not sold any of the pedicure chairs as shown in Exhibit 2 by 17 August 2012.

# EXHIBIT B

Christopher Long
Lexor, Inc.
3 August 2012
Page 2

We also require that you provide us by 17 August 2012 with a complete disclosure of the following:

1.  A statement detailing the number of pedicure chairs as shown in Exhibit 2 manufactured by or on behalf of Lexor since May 2007.

2.  A statement detailing the number of pedicure chairs as shown in Exhibit 2 remaining in inventory, as well as the number on order from any source and all orders placed with other manufacturers.

3.  Assurances in written form that Lexor will cease further manufacture, distribution and sales of pedicure chairs as shown in Exhibit 2 effective immediately.

4.  Assurances in written form that Lexor will cancel all orders given or received for pedicure chairs as shown in Exhibit 2 from other manufacturers and/or customers.

If we do not receive written assurances from you by two (2) weeks from the date of this letter, we will advise our client of its rights and options, including the possibility of filing a patent infringement lawsuit against Lexor seeking an injunction and all available monetary damages.

Sincerely,
RYAN KROMHOLZ & MANION, S.C.

By:

Melissa S. Hockersmith

MSH:pjp

Enclosure:    Exhibit 1-U.S. Patent No. D569,135
              Exhibit 2-Photographs of Lexor pedicure chair

cc:    Continuum Footspas, LLC



US00D569135S

(12) **United States Design Patent**    (10) Patent No.:    **US D569,135 S**
Galati, Jr. et al.                        (45) Date of Patent:    ** May 20, 2008

(54) **FOOT SPA BASE**

(75) Inventors: **Joseph J. Galati, Jr.**, Brookfield, WI (US); **John Meyerovich**, Bal Harbour, FL (US)

(73) Assignee: **Continuum Footspas, LLC**, Brookfield, WI (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/291,291**

(22) Filed: **Aug. 22, 2007**

(51) LOC (8) Cl. .......................................... **06-01**
(52) U.S. Cl. ...................................... **D6/495**
(58) **Field of Classification Search** ........ D6/334–338, D6/360, 367, 374, 375, 482, 491, 495, 500–502, D6/357, 364; 297/83, 157.1, 158.3, 170, 297/184.16, 188.14, 244, 423.19; 5/12.1, 5/12.2

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D288,993 S  *  3/1987  Grimsrud ...................... D6/361

D548,987 S  *  8/2007  McNae ...................... D6/344

* cited by examiner

*Primary Examiner*—Sandra Snapp
(74) *Attorney, Agent, or Firm*—Ryan Kromholz & Manion, S.C.

(57)    **CLAIM**

The ornamental design for a foot spa base, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of our foot spa base;

FIG. 2 is a front plan view;

FIG. 3 is a back plan view;

FIG. 4 is a top plan view;

FIG. 5 is a right side elevation view; and,

FIG. 6 is a left side elevation view.

The broken line showing of a seat and bowl in FIGS. 1–6 is illustrative of environmental structure only and forms no part of the claimed design.

1 Claim, 4 Drawing Sheets



**EXHIBIT 1**

Case: 1:13-cv-05021 Document #: 1-4 Filed: 07/15/13 Page 9 of 32 PageID #:25



*Fig. 1*



*Fig. 2*

*Fig. 3*



*Fig. 4*



*Fig. 5*



*Fig. 6*



EXHIBIT 2









# RYAN KROMHOLZ & MANION, S.C.

## ATTORNEYS AT LAW

| | | |
|---|---|---|
| Joseph A. Kromholz | Telephone: (262) 783-1300 | Mailing Address: |
| John M. Manion | Facsimile: (262) 783-1211 | P.O. Box 26618 |
| Daniel R. Johnson | Toll Free: (800) 686-9333 | Milwaukee, WI 53226-0618 |
| | | |
| Laura A. Dable | | |
| Patrick J. Fleis | Est. 1873 | Building Address: |
| Melissa S. Hockersmith | | 3360 Gateway Road |
| Meghan M. Coffey | | Brookfield, WI 53045 |
| Jason W. Krueger | | |

Daniel D. Ryan, Of Counsel

7 December 2012

Nicholas La                                                                                   **VIA FEDEX**
Lexor, Inc.
14800 Goldenwest Street
Westminster, CA 92683

Re:     Patent Infringement of U.S. Patent No. D569,135
        Foot Spa Base
        Attorney Docket No.: 9739.21857

Dear Mr. La:

We represent Continuum Footspas, LLC ("Continuum Footspas") which is the owner of U.S. Patent No. D569,135 directed to a foot spa base, a copy of which is enclosed herewith as Exhibit 1. We have corresponded with Mr. Christopher Long in the company's Baltimore, MD office regarding this patent on three previous occasions, but have never received a response from Mr. Long.

It has come to our attention that your company has been demonstrating a pedicure chair with a curved base at one or more trade shows. Photographs of the pedicure chair at issue are enclosed herewith as Exhibit 2. We believe that this product infringes U.S. Patent No. D569,135. As a result of our study of the product and of our client's patent, we previously requested that Lexor, Inc. ("Lexor") immediately take steps to cease and desist all further infringing activity. Based upon the lack of response from Mr. Long, our client was under the impression that Lexor was complying with this requirement. However, our client just became aware of a new video advertisement for the same pedicure chair that has been published on the internet.

Your company's infringement of this patent is a serious violation. If your company is found to infringe my client's patent, it could be liable to pay Lexor's profits to my client. Further, Lexor could be liable for "willful infringement" of this patent, which may entitle my client to an award of up to three time the actual damages and attorney's fees.

We note that a representative of Continuum Footspas spoke with Mr. Hanson Truong of your company. Mr. Truong informed Continuum Footspas that Lexor had not sold any of the pedicure chairs as shown in Exhibit 2. We ask that you provide us with written assurances that Lexor has not sold any of the pedicure chairs as shown in Exhibit 2 by December 21, 2012.

# EXHIBIT C

Nicholas La
Lexor, Inc.
7 December 2012
Page 2

We also require that you provide us by December 21, 2012 with a complete disclosure of the following:

1. A statement detailing the number of pedicure chairs as shown in Exhibit 2 manufactured by or on behalf of Lexor since May 2007.

2. A statement detailing the number of pedicure chairs as shown in Exhibit 2 remaining in inventory, as well as the number on order from any source and all orders placed with other manufacturers.

3. Assurances in written form that Lexor will cease further manufacture, distribution and sales of pedicure chairs as shown in Exhibit 2 effective immediately.

4. Assurances in written form that Lexor will cancel all orders given or received for pedicure chairs as shown in Exhibit 2 from other manufacturers and/or customers.

This is our final letter. If we do not receive written assurances from you by two (2) weeks from the date of this letter, we will strongly advise our client to file a suit for patent infringement against Lexor seeking an injunction and all available monetary damages.

Sincerely,
RYAN KROMHOLZ & MANION, S.C.

By:

Melissa S. Hockersmith

MSH:pjp

Enclosure:    Exhibit 1-U.S. Patent No. D569,135
              Exhibit 2-Photographs of Lexor pedicure chair

cc:    Continuum Footspas, LLC

US00D569135S

(12) **United States Design Patent**    (10) Patent No.:        **US D569,135 S**
Galati, Jr. et al.                       (45) Date of Patent:    ** **May 20, 2008**

(54) **FOOT SPA BASE**

(75) Inventors: **Joseph J. Galati, Jr.**, Brookfield, WI (US); **John Meyerovich**, Bal Harbour, FL (US)

(73) Assignee: **Continuum Footspas, LLC**, Brookfield, WI (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/291,291**

(22) Filed: **Aug. 22, 2007**

(51) LOC (8) Cl. ........................................... **06-01**
(52) U.S. Cl. .................................................. **D6/495**
(58) **Field of Classification Search** ......... D6/334–338, D6/360, 367, 374, 375, 482, 491, 495, 500–502, D6/357, 364; 297/83, 157.1, 158.3, 170, 297/184.16, 188.14, 244, 423.19; 5/12.1, 5/12.2
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D288,993 S  *  3/1987  Grimsrud ..................... D6/361

D548,987 S  *  8/2007  McNae ....................... D6/344

* cited by examiner

*Primary Examiner*—Sandra Snapp
(74) *Attorney, Agent, or Firm*—Ryan Kromholz & Manion, S.C.

(57)                **CLAIM**

The ornamental design for a foot spa base, as shown and described.

                    **DESCRIPTION**

FIG. 1 is a perspective view of our foot spa base;

FIG. 2 is a front plan view;

FIG. 3 is a back plan view;

FIG. 4 is a top plan view;

FIG. 5 is a right side elevation view; and.

FIG. 6 is a left side elevation view.

The broken line showing of a seat and bowl in FIGS. 1–6 is illustrative of environmental structure only and forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**



**EXHIBIT 1**

U.S. Patent     May 20, 2008     Sheet 1 of 4     US D569,135 S



*Fig. 1*



Fig. 2

Fig. 3



*Fig. 4*



*Fig. 5*



Fig. 6



HIBIT 2











From: (262) 783-1300   Origin ID: RRLA
Peggy Pechulis
RYAN KROMHOLZ & MANION, S.C
3360 GATEWAY ROAD

BROOKFIELD, WI 53045



J12201209200325

**SHIP TO:** (888) 479-6916   BILL SENDER
**Nicholas La**
**Lexor, Inc.**
**14800 Goldenwest Street**

**WESTMINSTER, CA 92683**

Ship Date: 07DEC12
ActWgt: 0.5 LB
CAD: 5477630/INET3300

Delivery Address Bar Code

Ref # 9739.21857
Invoice #
PO #
Dept #

**MON - 10 DEC  A1**
**PRIORITY OVERNIGHT**

**92683**
CA-US
**SNA**

TRK# 7942 4586 7370
0201

# XH APVA



515G1/92B3/AA44

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

LAW OFFICES
# LOWE HAUPTMAN HAM & BERNER, LLP

BENJAMIN J. HAUPTMAN
YOON S HAM, P.C.
KENNETH M. BERNER
RANDY A. NORANBROCK
SEAN A. PASSINO, PhD
MARTIN J. COSENZA
ALLAN M. LOWE*⸳
JEFFREY H. GREGER⸳
DAVID E. DOUGHERTY⸳
KWANG Y. CHAE*
BENJAMIN KOTA*
JOSHUA L. PRITCHETT
CHING-CHENG CHANG
AMIR H. BEHNIA*⸳

SUITE 300
1700 DIAGONAL ROAD
ALEXANDRIA, VIRGINIA 22314
—
TELEPHONE: 703-684-1111
FACSIMILE: 703-518-5499

**PATENTS**
**TRADEMARKS**
**COPYRIGHTS**
**UNFAIR COMPETITION**

PATENT AGENTS
KIEN LE

PATENT ENGINEERS
TAMOTSU OKATO
GIL H. PARK, PhD
JUNGKEUN LEE, PhD
CHANG YANG

# OF COUNSEL
*BAR MEMBERSHIP OTHER
THAN VIRGINIA

JAN 15 2013

January 15, 2013

**CONFIRMATION VIA FACSIMILE**
262-783-1211

Melissa S. Hockersmith
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, WI 53226-0618

Re:  Continuum Footspas, LLC Infringement Allegations
Our Client: Lexor, Inc.
Our File No. 5426-M0406

Dear Ms. Hockersmith:

We represent Lexor, Inc. in intellectual property matters and write in response to your letter dated December 7, 2012, in which you accuse Lexor of infringement of U.S. Pat. No. D569,135 ("the '135 patent"). In particular, you allege that Lexor's demonstrations of a pedicure chair with a curved base, at a trade show in the United States, infringe the '135 patent.

Lexor values intellectual property and respects the intellectual property rights of others. As such, Lexor understands the seriousness of your allegations.

We have reviewed this matter and conclude that the Lexor pedicure chair with a curved base does not fall within the scope of the claim of the '135 patent, and there are validity issues with respect to the '135 patent. Further, there are several prior art patents which have a bearing on whether an ordinary observer would be deceived into confusing the design of the Lexor pedicure chair with the '135 patent design.

An ordinary observer would understand that the designs are plainly dissimilar for at least the following reasons: (1) unlike the '135 patent design, the base of the Lexor pedicure chair does not have an overall arc-like ornamental effect; (2) the side panels of the Lexor pedicure

REVIEWED BY

DOCKETING                                              **EXHIBIT D**

Melissa Hockersmith
January 15, 2013

chair cover the sides of the base of the Lexor pedicure chair without having an ornamental effect like the through space of the '135 patent; (3) the arc-shaped decorative strip of the Lexor pedicure chair is a relatively thin strip that does not extend substantially through the entire upper surface of the Lexor pedicure chair; and (4) the Lexor pedicure chair does not have a bottom tray.

In addition, the prior art we have discovered indicates that there are many examples of arc-like decorative features on the sides or side panels of a base of a seat or chair. Further, the prior art appears more closely related to the '135 patent design than the Lexor pedicure chair. (See, e.g., U.S. Design Patent No. D342,165; U.S. Design Patent No. D457,018; and U.S. Design Patent No. D571,018). As such, the referenced prior art renders the differences between the Lexor pedicure chair and the '135 patent, particularly the lack of the single-piece arc panel, the lack of a through hole, and the lack of a bottom tray, significant to the hypothetical ordinary observer.

For at least the reasons stated above, we do not believe demonstration of the Lexor pedicure chair at a trade show, or the use, sale, or manufacture of the chair, falls within the scope of the claim of the '135 patent.

With regard to your requests for various financial information, assurances, and other information, we will not produce this information in view of the foregoing. We hope this correspondence satisfies your client's concerns and we will close our file and consider the matter closed if we receive no reply within two weeks from the date of this letter.

Should you have any questions or comments, do not hesitate to contact me to discuss.

Regards,

LOWE HAUPTMAN HAM & BERNER, LLP

Randy A. Noranbrock

RAN:eca

2